UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

TEDDY RIVERA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 14-1668 (JAF)

(Crim. No. 12-691-11)

**OPINION AND ORDER**

Petitioner Teddy Rivera ("Rivera") comes before the court with a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 12-691-11. (Docket No. 1). For the following reasons, we reduce his term of supervised release to three years, but deny the remainder of his claims.

**I.**

**Background**

On June 13, 2013, Rivera pleaded guilty to using and carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Crim. No. 12-691-11, Docket Nos. 1084, 1085, 1086.) On September 11, 2013, we sentenced Rivera to one-hundred forty-four (144) months imprisonment and to five (5) years supervised release. (Crim. No. 12-691-11, Docket No. 1501.) On September 4, 2014, Rivera filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Docket Nos. 1, 4.)

## II.

## Jurisdiction

Rivera is currently in federal custody, having been sentenced by this district court. To file a timely motion, Rivera had one year from the date his judgment became final. 28 U.S.C. § 2255(f). Because he filed the instant motion less than a year after sentencing, he is within the one-year time limit for a § 2255 petition.

## III.

## Analysis

### A. Supervised Release

Rivera alerts us that his plea agreement stated the maximum supervised release term could only be three years, but that we sentenced him to five.[1] (Docket No. 1 at 6.) Five years is the correct maximum under the statute. *See* 18 U.S.C. § 3583. However, the plea agreement incorrectly stated three years, and we ourselves repeated that mistake in the change-of plea-hearing. (Crim. No. 12-691-11, Docket Nos. 1085 at 2; 1680 at 8.) As a matter of equity, we reduce Rivera's term of supervised release to three years.

### B. Judicial Misconduct

Rivera argues that we interfered with the plea negotiation because we induced a "fear of a life sentence" by telling him that he was facing a life sentence if he lost at trial. (Docket No. 4 at 1.) However, it was quite proper of the court to inform Rivera of the penalties he was facing.[2] Therefore, this claim is denied.

---

[1] Rivera couches this in terms of ineffective assistance of counsel. However, we correct the error without commenting on fault.

[2] The count to which he pleaded guilty carried a maximum sentence of life imprisonment. (Crim. No. 12-691-11, Docket No. 1085 at 2.) Had he not pleaded and instead gone to trial, he would have been charged with additional crimes carrying additional penalties. (Crim. No. 12-691-11, Docket No. 3.)

**C. <u>Ineffective Assistance of Counsel</u>**

Rivera argues that he received ineffective assistance of counsel on several grounds. (Dockets No. 1, 4.) To prove this, Rivera must show that both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Wash.*, 466 U.S. 688-94 (1984). In the context of plea agreements, the prejudice prong requires a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

Rivera argues that his attorney failed to investigate where he lived for the previous twenty-five years. (Docket No. 1 at 6; Docket No. 4 at 6.) However, Rivera's counsel specifically told the court that he had sought documentation on Rivera's residency "because [my client contends that] he was living in the United States, and that documentation will help me or help us prove that." (Crim. No. 12-691-11, Docket No. 1605 at 5-6.) At sentencing, Rivera's counsel argued for the lower end of the range, stating that "for long period of time during the conspiracy, my client lived in the United States." (Crim. No. 12-691-11, Docket No. 1665 at 6.)

Rivera also argues that his attorney failed to investigate his "lack of a gun." However, during the plea colloquy, Rivera specifically admitted that he "used and carried firearms." (Crim. No. 12-691-11, Docket No. 1680 at 12.) According to the First Circuit, "[w]ithout independent corroboration, we not only view his plea colloquy as evidential, but sufficiently conclusive to contradict his claims." *U.S. v. Santiago Miranda*, 654 F.3d 130, 138 (1st Cir. 2011) (internal citations omitted).

1    Rivera argues that his attorney was ineffective for failing to gather evidence that he had no involvement with "any police agency or any law enforcement agency." (Docket No. 4 at 8.) This is impossible due to his prior drug-related convictions in Florida. (Crim. No. 12-691-11, Docket No. 1451 at 22.) Even were it not, Rivera has not shown that such evidence would have stopped him from pleading guilty in this case.

Rivera also argues that his counsel was ineffective for failing to explain his "offense level based on guidelines." (Docket No. 1 at 6.) However, as we explained in the change of plea hearings: "[T]his is not a guideline case properly speaking. This is a statutory type case in the sense that the Statute provides what the punishment should be." (Crim. No. 12-691-11, Docket No. 1680 at 8.) Rivera verbally indicated that he understood. *Id.*

Rivera argues that "Counsel remarks that the Federal Government is never wrong shows a bias and predisposition to plead the case out," in violation of the law. (Docket No. 1 at 9) (sic). We searched the record and found no such remarks.

Rivera also argues that his counsel was ineffective because he failed to object to our allegedly-improper judicial remarks. (Docket No. 4 at 2.) Because we already found that it was proper to advise Rivera of his sentencing exposure, this assertion lacks merit.

Finally, Rivera vaguely argues that his Counsel was ineffective for failure to explain the evidence. It is well-established that "issues that are adverted to in a perfunctory manner absent developed argumentation are waived." *United States v. Brown*, 669 F.3d 10, 16 n.5 (1st Cir. 2010).

In sum, we do not find that Rivera received ineffective assistance of counsel.[3]

---

[3] We note that we resolved the supervised release claim, *supra*, on grounds of equity rather than ineffective assistance of counsel.

### D. Lack of Underlying Offense

Rivera argues that, because he was never convicted of a drug offense, he cannot be guilty of using and carrying firearms during and in relation to a drug-trafficking crime. (Docket No. 1 at 7.) This is simply untrue. The statute does not require an underlying conviction for the drug charge. *See* 18 U.S.C. § 924(c)(1)(A).

## IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial or partial denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. *See Davis v. U.S.*, 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under §2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); *see also Dirring v. U.S.*, 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for a defendant who is dissatisfied with his sentence).

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  While Rivera has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong.  Rivera may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we hereby **GRANT IN PART** and **DENY IN PART** Rivera's § 2255 motion (Docket No. 1).  We reduce his term of supervised release to three years, and an Amended Judgment shall issue to that effect. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order for the remainder of his claims because it plainly appears from the record that Rivera is not entitled to § 2255 relief on those claims.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 23rd day of April, 2014.

<u>S/José Antonio Fusté</u>
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE